PER CURIAM.
In this appeal from a decision of the Court of Appeals for Veterans Claims (“the Veterans Court”), Mr. Maddalino argues that he is entitled to an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. The Veterans Court denied his request for fees, and he appealed. We affirm.
I
Mr. Maddalino sought benefits from the Department of Veterans Affairs. A regional office of the Department granted him service connection for post-traumatic stress disorder, which the office rated as 30 percent disabling. Dissatisfied with the regional office’s decision, Mr. Maddalino filed a notice of disagreement on July 22, 1996, asserting that he was entitled to a 100 percent disability rating. The regional office issued a statement of the case on August 20, 1996, and Mr. Maddalino filed his appeal to the Board of Veterans’ Appeals on August 27, 1996. The processing of the appeal was delayed. According to the government, the delay was to enable the regional office to re-evaluate Mr. Maddalino’s claim under a new rating schedule.
In March 1998, the DVA re-examined Mr. Maddalino and provided a Supplemental Statement of the Case. Mr. Maddalino submitted additional evidence in October 1998 and waived his right to have the regional office examine that evidence. On December 7, 1998, Mr. Maddalino filed a *513 petition for extraordinary relief in the nature of a writ of mandamus in the Veterans Court, requesting an order directing the DVA (1) to issue another Supplemental Statement of the Case; (2) to add his appeal to the Board’s docket with a number reflecting the date that the Board received it; (3) to inform him of the assignment of the appeal to the Board’s docket; (4) to inform him of any inadequacy in the appeal; and (5) to issue a decision.
The Secretary responded in January 1999, explaining the reasons for the delay in docketing the appeal and stating that Mr. Maddalino’s case would be promptly “re-certified for review by the Board and transferred out.” The Veterans Court ordered the Secretary to indicate whether Mr. Maddalino’s appeal had actually been docketed with the Board. When the Secretary responded that the appeal had been docketed, Mr. Maddalino objected that it had not been assigned a docket number corresponding to the date that he had originally filed his appeal. The Veterans Court then directed the parties to participate in a conference conducted by a member of the court’s central legal staff in an effort to have the case resolved “without Court intervention.” The remaining issues were apparently resolved as a result of the conference, for in May 1999 Mr. Maddalino filed a status report in which he stated that the Secretary had “completed the relief sought in the Petition.” The Veterans Court thereafter dismissed the petition as moot.
Mr. Maddalino then filed an application for attorney fees and expenses under the Equal Access to Justice Act. He argued that he was a “prevailing party” within the meaning of that statute, see 28 U.S.C. § 2412(d)(1)(A), under the so-called “catalyst” theory, i.e. his legal action had been the catalyst that prompted the government to take the action that he had sought through his mandamus petition. The Veterans Court denied the application for fees, and Mr. Maddalino appealed to this court.
II
Mr. Maddalino contends that under the “catalyst theory,” he is entitled to attorney fees in this case. The government responds that the catalyst theory of recovery was rejected by the Supreme Court in Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Mr. Maddalino replies that the Buckhannon case was limited to the particular attorney fee statutes at issue in that case and did not address the role of the catalyst theory in claims for attorney fees under the Equal Access to Justice Act.
While this case was pending, this court issued a decision in Brickwood Contractors, Inc. v. United States, 288 F.3d 1371 (Fed.Cir.2002). In that case, we held that the Supreme Court’s analysis in Buckhannon is applicable to attorney fee applications filed under the authority of the Equal Access to Justice Act. That case answers the question presented by this case and requires that we reject Mr. Maddalino’s argument that under the catalyst theory he is entitled to be treated as the “prevailing party” within the meaning of the Equal Access to Justice Act. We therefore affirm the decision of the Veterans Court.